**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DONALD PITTMAN,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil No. 01-236 (PAM/ESS)

**REPORT AND RECOMMENDATION**

---

On February 8, 2001, Petitioner filed a petition for writ of habeas corpus claiming that he is being unlawfully incarcerated at the Minnesota Correctional Facility at Stillwater, Minnesota. However, it appears from the face of the petition that this action may not have been commenced within the time limits prescribed by 28 U.S.C. § 2244(d). Therefore, the Court issued an Order directing Petitioner to submit a written memorandum on or before March 12, 2001, showing cause why his petition should not be summarily dismissed pursuant to 28 U.S.C. § 2244(d).[1] See Order dated February 14, 2001, Docket No. 5.

Petitioner has not responded to the Court's February 14 Order within the time allowed.[2] Therefore, based on the Court's order to show cause and Petitioner's failure to respond to that order, the present action should be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the

---

[1] The order stated, "Petitioner's response to this Order should include a complete chronology of legal proceedings that followed his conviction, so the Court can properly determine when the statute of limitations began to run and when the statute may have been tolled pursuant to 28 U.S.C. § 2244(d)(2)." Order dated February 14, 2001, Docket No. 5 at 1.

[2] The Court notes that Petitioner did write a letter to the Clerk of Court asking for a copy of his petition in order to respond to the Court's Order. Letter dated February 22, 2001, Docket No. 7. However, he has made no further attempts to contact the Court.

MAR 2 8 2001
... DOSAL CLERK

inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[3]

Furthmore, Petitioner's motion for appointment of counsel should be denied. Under 28 U.S.C. § 1915(d), this Court may request counsel to represent a person who has been granted in forma pauperis status. In a civil case, "there is no constitutional or statutory right to have appointed counsel." Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); see Bettis v. Delo, 14 F.3d 22 (8th Cir. 1994). Appointment of counsel is within the discretion of the district court in civil cases. In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). As Petitioner has apparently abandoned his claim, his request for counsel is moot.

Finally, the Court notes that Petitioner did not pay the $5 filing fee for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). Because Petitioner has failed to prosecute his habeas corpus claim, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 [Docket No. 1] be **DISMISSED WITHOUT PREJUDICE**;

2. Petitioner's motion for appointment of counsel [Docket No. 3] be **DENIED**; and

---

[3] The February 14 Order stated that if Petitioner did not file a written response within the time allowed, the Court would recommend that his petition be summarily dismissed with prejudice. Upon reflection, the Court considers the lingering uncertainty over whether Petitioner's petition is time barred to be sufficient to recommend that this action be dismissed without prejudice.

3. Petitioner's application to proceed in forma pauperis [Docket No. 4] be **DENIED**.

Dated: March 27, 2001

E. S. SWEARINGEN
United States Magistrate Judge